UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>    Plaintiff,<br><br>    v.<br><br>RAED MUSTAFA,<br><br>    Defendant. | Case No. 20-cv-02071-PJH (AGT)<br><br>**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 19 |

Samuel Love alleges that Raed Mustafa violated the Americans with Disabilities Act when he "failed to provide wheelchair accessible sales counters" at his clothing store. Compl. ¶ 10. To successfully plead this claim, Love needs to describe in his complaint "how the counters prevented [him] from full and equal access" to the store. *Whitaker v. Tesla Motors, Inc.*, No. 19-56497, --- F.3d ----, 2021 WL 235777, at *3 (9th Cir. Jan. 25, 2021) ("Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason?"). Love's complaint is silent in this regard, which means his claim is not well pleaded. *See id.* (affirming dismissal of ADA claim at the pleading stage based on allegations materially identical to those alleged here).

Love also alleges that Mustafa violated California's Unruh Civil Rights Act. This claim is predicated on the ADA claim, *see* Compl. ¶ 27, so it too is not pleaded adequately.

Because Love's complaint isn't detailed enough to support his claims, Judge Hamilton should deny his motion for default judgment. *See, e.g.*, *Dureau v. Allenbaugh*, 708 F. App'x 443, 444 (9th Cir. 2018) ("In her complaint, Dureau's allegations of proximate causation were wholly conclusory. Dureau therefore failed to state a claim on which relief could be granted, necessitating the denial of her motion for a default judgment.") (citation omitted); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988) (reversing entry of default judgment on RICO claim when the allegations concerning certain elements of the claim were

"entirely general").

Love cannot use his motion for default judgment to supplement his complaint. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support [a default] judgment."). But he should be given leave to amend so that he can add the missing allegations. *See* Fed. R. Civ. P. 15(a)(2) (requiring leave to amend to be "freely give[n] . . . when justice so requires"); *J & J Sports Prods., Inc. v. Crawford*, No. 16-CV-01744-RS, 2016 WL 5942231, at *2 (N.D. Cal. Oct. 13, 2016) (denying motion for default judgment but granting leave to amend the complaint).

**IT IS SO RECOMMENDED.**

Dated: February 4, 2021

ALEX G. TSE
United States Magistrate Judge

2